# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 1:02CR00025 |
| v. ) | |
| ) | **OPINION AND ORDER** |
| **MICHAEL A. WADE,** ) | |
| ) | By: James P. Jones |
| Defendant. ) | Chief United States District Judge |

On October 9, 2002, the court sentenced the defendant in connection with a crack cocaine conviction. In so doing, the court considered the federal sentencing guidelines as required under 18 U.S.C. § 3553(a).

Pursuant to its statutory authority, the United States Sentencing Commission has amended the federal advisory sentencing guidelines applicable to criminal cases involving cocaine base or crack cocaine, effective November 1, 2007. On December 11, 2007, the Sentencing Commission further decided that, effective March 3, 2008, the amended guideline provisions will apply retroactively to offenders who were sentenced under prior versions of the sentencing guidelines, and who are still incarcerated. Stated generally, the practical effect of the Sentencing Commission's actions is that certain federal defendants convicted of offenses involving crack cocaine may be eligible for a reduction in their current sentences, pursuant to the provisions of 18 U.S.C. § 3582(c)(2).

On April 30, 2008, the court received a Motion to Reduce Sentence pursuant to § 3582(c)(2) from the defendant.

Having considered the defendant's Motion to Reduce Sentence, the court concludes that the motion must be denied. The defendant pled guilty to possession with intent to distribute more than five grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1). The defendant was held responsible for at least five grams, but less than 20 grams, of crack cocaine. Under the amended guidelines, that amount of crack cocaine correlates with a base offense level of 24. After subtracting three levels for his acceptance of responsibility, the defendant's total offense level is 21.

Unfortunately, the defendant's criminal history, as detailed in the Presentence Investigation Report, indicates that the defendant is a career offender a defined in U.S.S.G. § 4B1.1. Accordingly, his offense level is determined by reference to the table contained in that section. Therefore, the defendant's offense level is 34. After subtracting three levels for his acceptance of responsibility, his Total Offense Level is 31. As a career offender, his Criminal History Category is VI. Thus, the amended guidelines recommend a term of imprisonment between 188 and 235 months, the same as at the defendant's original sentencing. Because the recommended guideline range has not changed, this court lacks the authority to reduce the defendant's sentence.

Accordingly, it is **ORDERED** that the defendant's Motion to Reduce Sentence (Doc. No. 20) is **DENIED**.

The Clerk will send copies of this order to the defendant at his place of confinement and to the United States Attorney's Office.

ENTER: May 8, 2008

 /S/ JAMES P. JONES
Chief United States District Judge